## Commonwealth v. Levan

*Richard C. Brittain, District Attorney*, for Commonwealth.

*George O. Wagner*, for defendant.

MYERS, *P.J.*, May 16, 1979—Defendant was convicted by a district justice of failing to provide the police with immediate notice of an accident in violation of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3746(a)(2). Defendant filed an appeal from his conviction by a district justice, and a de novo hearing was held before us on May 3, 1979.

The evidence produced at the hearing established the following:

(1) Defendant was driving his father's pickup truck on the night of January 23, 1979, when he lost control of the vehicle on an ice-covered rural dirt road;

(2) Defendant skidded about 200 yards into a tree;

(3) No personal injuries resulted, but defendant's vehicle was disabled;

(4) Defendant walked to a nearby dwelling and telephoned a friend who picked up defendant at the scene and drove him to his home;

(5) Defendant arrived home shortly before midnight;

(6) Defendant informed his father of the accident upon his arrival at home;

(7) Defendant's father suggested that defendant wait until the next morning before returning to the scene or reporting the accident, because of the icy road conditions that night;

(8) Both defendant and his father were under the impression that one was permitted five days within which to report an accident under the law;

(9) Defendant reported the accident to the Danville Borough Police the following morning at approximately 9:00 a.m.;

(10) Defendant was not intoxicated at the time of the accident; and

(11) The accident did not cause injury to the property of any other persons.

Under 75 Pa.C.S.A. §3746(a)(2), a driver of a vehicle involved in an accident must "immediately by the quickest means of communication . . . " give notice to the police if an accident renders a vehicle disabled to the extent that it cannot be driven under its own power. If the police fail to investigate an accident reported under section 3746, then section 3747(a) compels a driver to file a written report to the Department of Transportation within five days of the accident.

A brief summary of the "notice" and "written report" provisions of sections 3746 and 3747 appears on the back of every Pennsylvania driver's license. Presumably, however, defendant and his father confused the five day "written report" requirement of section 3747 with the "immediate notice" provision of section 3746. Their confusion is somewhat understandable, since the two provisions, at first glance, appear to be inconsistent.

In any event, section 3746 does require "immediate" notice. However, the notice provision has been construed to require substantial, not precise, compliance: Com. v. Wetmore, 69 D. & C. 2d 344 (1974); Com. v. Burke, 61 Luz. 275 (1971).

What the notice requirement is intended to prevent is the possibility that an intoxicated driver may delay notification so that he may sober up by the time the police arrive to investigate the accident. In Wetmore, at 346, the court stated: "[O]n single-car violations there exists the great potential of a person who may be intoxicated driving on home, sobering up and then, when he is in better condition to be noble, report his accident."

In the instant case, however, there was credible testimony that defendant had not been drinking intoxicants prior to the accident. Furthermore, defendant gave a reasonably plausible explanation for the delay, i.e., the icy road conditions on the night of the accident, and defendant's belief that a delay in reporting the accident was permitted by law.

Given these circumstances, we conclude that the eight or nine hour delay which occurred in this case constituted substantial—albeit not precise—compliance with section 3746. Accordingly, we find defendant not guilty.

## ORDER

And now, May 16, 1979, after hearing held, we adjudge defendant not guilty. Costs to be paid by the County of Montour.